## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**RENITA RUDOLPH,**
                **Plaintiff**

**v.**                                                              **Civil Action No.**
                                                                                **3:04CV344-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                **Defendant**

### MEMORANDUM OPINION

This case presents Renita Rudolph's challenge to the decision of the Commissioner denying her claim to supplemental security income payments. After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the Commissioner's decision should be vacated and the matter remanded for additional proceedings.

Ms. Rudolph filed her application in June of 2001,[1] alleging that she was unable to engage in any substantial gainful employment. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Rudolph's degenerative disc disese of the lumbar spine, status post L5-S-1 discectomy, right carpal tunnel syndrome, hypertension and dysthymic disorder represented severe impairments, but that she retained the residual functional capacity to perform a significant range of light and sedentary work.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court

---

[1] This was her third application, but the decisions on previous applications were not appealed and have not been reopened.

1

must affirm.  Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).  The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994),  Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

      The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986).  Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See  Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

      Ms. Rudolph contends that the nature of the ALJ's questions revealed that he was not a neutral fact-finder.[2]  She objects, for example, to his prefatory statements that diskectomy should have improved her condition and that ibuprofen is prescribed for mild levels of pain.  She also suggests follow-up questions the ALJ should have asked in response to various answers.  She notes the ALJ's request for confirmation that plaintiff has not been hospitalized for depression, and expresses concern that this "minimizes" her depressive disorder.  She cites the ALJ's

---

[2] In evaluating this contention, the Court must bear in mind the fact that Ms. Rudolph was represented at the hearing by able counsel who took full advantage of his opportunity to question the witnesses and present his client's case.

questions about whether she could do a job watching a set of security screens or working as a gate guard, and objects that this represents "playing vocational expert."

While rudeness in ALJ questioning could figure into an examination of whether the decision-maker is open-minded, the examples identified by plaintiff here do not fall into that category at all. It is not "playing vocational expert" for the ALJ to ask whether the claimant could do certain tasks, nor is there anything objectionable about asking about how certain treatments have affected her. In contrast to court proceedings, or worker compensation hearings, the ALJ hearing is *not* an adversary proceeding. This means that the ALJ's job is not simply to sit and listen (and avoid any "leading" questions); rather, the ALJ has an affirmative role in developing the case. Richardson v. Perales, 402 U.S. 389, 403, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971). The Court perceives no error in the form or content of the ALJ's questions in this case.

Ms. Rudolph also contends that the ALJ improperly rejected the opinion of her treating physician. It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight. While the ALJ is not bound by the opinions of a treating physician, he is required to set forth some basis for rejecting that opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). There is no error in declining to accept the unsupported conclusory statement of a physician, even a treating physician. Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988); Duncan v. Secretary, 801 F.2d 847 (6th Cir. 1986). While a treating physician's opinion is entitled to great weight, it is not dispositive regarding the ultimate issue of disability. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986). In Wilson v. Commissioner, 378 F.3d

541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

Plaintiff's treating physician, Dr. Kodner, opined on September 27, 2000 that because of specifically identified conditions, plaintiff should not lift more than ten pounds, and that she would need to alternate standing and sitting, with a total of no more than two hours standing an walking during an eight hour day. Tr. 200-201. These lifting limitations would exclude light work, but would not exclude work at the sedentary level. Dr. Kodner opined on August 23, 2002 that Ms. Rudolph would need to lie down for an hour every day, and that she could not use her hands and arms for simple grasping or fine manipulation. Tr. 354. The vocational expert confirmed that no jobs would be available for a person with these limitations. Tr. 86.

The ALJ observed that Dr. Kodner's treatment records were not updated between his September 2000 opinion and his August 2002 opinion. As this would indicate a change in opinion without a basis, this circumstance could explain rejection of the August 2002 opinion, despite the treating physician rule. However, the ALJ made no effort at all to evaluate Dr. Kodner's September 2000 opinion under the applicable rules, although the ALJ's ultimate determination necessitated rejection of *both* the 2000 and the 2002 opinions.

In Wilson v. Commissioner, the Court noted the specific requirements of 20 C.F.R. Sec. 404.1527(d)(2): "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors--namely, the length of the treatment relationship and the frequency of

examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source--in determining what weight to give the opinion." Wilson, supra, at 544. The ALJ's decision in this case does not reflect any consideration of most of these factors. As noted in Wilson, "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases, particularly in situations where a clamant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied."

Furthermore, the ALJ's legal error cannot simply be overlooked because the ALJ has relied on other medical evidence. "A court cannot excuse the denial of a mandatory procedural protection simply because ... there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." Wilson, 378 F.3d at 546. Remand for compliance with applicable regulations is required.

An order in conformity has this day entered.